IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, #A-73359, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-0860-MJR |
| | ) |
| DAVID RAINES, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff Willie Williams, an inmate currently incarcerated at Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

Plaintiff's factual allegations are as follows. Plaintiff was transferred to Robinson from Jacksonville Correctional Center where a doctor had designated him "medically unassigned," relieving him of any work obligations, because he had suffered a stroke. Upon Plaintiff's arrival at Robinson, he was examined by the medical staff and again ordered to be medically unassigned. The medical order was sent to department heads, including David Raines. Raines is responsible for overseeing all job assignments at Robinson. Raines informed Plaintiff that he was not going to honor the medical order and that Plaintiff would be given a job assignment. On July 16, 2011, Raines sent Plaintiff a memorandum informing him that he was being assigned to the dietary department. On July 17, while at work, Plaintiff collapsed and sustained a serious injury to the right side of his head. He was examined by a doctor on the following day and was removed from the work detail.

1

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court notes that Plaintiff paid the filing fee in full on October 3, 2011. Nonetheless, the Court must employ § 1915A's screening mechanism to "all suits by prisoners, whether or not they seek to proceed *in forma pauperis."* **Gladney v. Pendleton Corr. Facility,** **302 F.3d 773, 775 (7th Cir. 2002)**.

Accepting Plaintiff's allegations as true, the Court finds that he has articulated a colorable Eighth Amendment claim for deliberate indifference to serious medical needs. As the United States Supreme Court instructed in *Estelle v. Gamble***, 429 U.S. 97 (1976)**,

> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," … proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle***, 429 U.S. at 104-05 (internal citation omitted)**. So, a prison official may act with deliberate indifference if he ignores a doctor's instructions for the inmate's care. **Walker v. Benjamin, 293 F.3d 1030, 1040 (7th Cir. 2002) (deliberate indifference might be shown if prison staff intentionally interfered with prescribed treatment).**

Plaintiff has adequately alleged that Defendant Raines was deliberately indifferent to his medical needs when he did not follow the doctor's instructions that Plaintiff should be relieved from work duties*.* Plaintiff's complaint will proceed against Raines.

**Disposition**

In summary, this action proceeds against Defendant Raines on Plaintiff's claim of deliberate indifference to a serious medical need.

The Clerk of Court shall prepare for Defendant Raines: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information will be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address will be retained only by the Clerk. Address information will not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pretrial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED: August 15, 2012

                                              s/Michael J. Reagan  
                                              MICHAEL J. REAGAN  
                                              United States District Judge