IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, | ) |
| | ) |
|            Plaintiff, | ) |
| | ) |
| vs. | )   Case No.  11-cv-860-MJR-SCW |
| | ) |
| DAVID RAINS, | ) |
| | ) |
|            Defendant. | ) |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I.   Introduction

This case is before the Court on Defendant's Motion for Sanctions (Doc. 25) and Oral Motion to Dismiss for Lack of Prosecution (Doc. 29). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** the Motion to Dismiss for Lack of Prosecution (Doc. 29) and **FIND AS MOOT** the Motion for Sanctions (Doc. 25).

### II.   Findings of Fact

Plaintiff, an inmate at Robinson Correctional Center at the time he filed his Complaint, filed suit against Defendant Rains for deliberate indifference to his medical condition. Specifically, Plaintiff alleged that Rains ignored a medical order labeling Plaintiff "medically unassigned" and gave him a job assignment in dietary where Plaintiff collapsed and sustained an injury to his head (Doc. 11). According to Plaintiff, Rains indicated that he would not honor Plaintiff's medical order exempting him from job assignments at Robinson (*Id.*). The Court allowed Plaintiff's claim against Rains to

proceed after conducting a threshold review under 28 U.S.C. § 1915A (Doc. 11).  At that time, the Court also informed Plaintiff of his "continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address" and that failure to comply with the Court's Order could "result in dismissal of this action for want of prosecution" (*Id.*).  See **FED.R.CIV.P. 41(b); SDIL LOCAL RULE 3.1(b) ("All…plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs.").**  Subsequent to Plaintiff filing his Complaint, Plaintiff was released from prison and moved to Chicago, Illinois (Doc. 15).  Plaintiff informed the Court of his new address on September 28, 2012.  On October 24, 2012, Plaintiff informed the Court that his address had again changed and that he was now living in Kansas City, Kansas (Doc. 18).  The last filing by Plaintiff occurred on December 7, 2012 when he filed a motion for appointment of counsel (Doc. 22).

On October 8, 2013, Defendant Rains filed a Motion for Sanctions (Doc. 25).  Defendant indicated that he had served upon Plaintiff on September 9, 2013 a notice of deposition to Plaintiff's last known address, informing Plaintiff that his deposition was scheduled to take place on September 19, 2013 at 10:00 a.m. in Springfield, Illinois (Doc. 42 at ¶ 3).  Defendant's counsel waited for over half an hour on September 19, 2013, but Plaintiff did not appear nor did counsel receive any communication from Plaintiff (Id. at ¶ 4).  Defendant sought sanctions for Plaintiff's failure to appear.

The undersigned set Defendant's motion for sanctions for hearing for November 1, 2013 (Doc. 26).  Plaintiff was sent a copy of that notice to his last known address on October 22, 2013.  Plaintiff presumably received the notice as it was not returned to the Court.  The undersigned held the motion hearing on November 1, 2013, but Plaintiff failed to appear.  At that time, Defendant

moved for dismissal of Plaintiff's case pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)** for failure to prosecute (Doc. 29).  The undersigned scheduled a Show Cause hearing for November 15, 2013 and directed that Plaintiff either appear at the hearing and show cause as to why his case should not be dismissed for failure to prosecute or face dismissal of his case (Doc. 28).  Again, notice of the scheduled hearing was sent to Plaintiff on November 4, 2013.  That notice was returned as undeliverable on November 14, 2013 (Doc. 30).  The envelope indicated that the notice was undeliverable as addressed and that it was unable to be forwarded (*Id.*).  The notice was sent to Plaintiff's last known address in Kansas City, Kansas.  Plaintiff has failed to provide a new address to the Court or Defendant.

On November 15, 2013, the undersigned held the scheduled show cause hearing.  The hearing was scheduled for 9:15 a.m.  At that time, Plaintiff failed to appear.  Due to a delay in a prior hearing, the Court waited until 9:30 a.m. to begin the show cause hearing.  Defendant appeared by phone.  Plaintiff did not appear, even with the extended start time.  The undersigned noted that it would recommend to the District Judge that Plaintiff's case be dismissed for failure to prosecute.

### III.   Conclusions of Law

**FEDERAL RULE OF CIVIL PROCEDURE 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."   In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" ***Sroga v. Huberman*, 722 F.3d 980, 982 (7th Cir. 2013) (quoting *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732-33 (7th Cir. 2013)).**   The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to

comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing *Kruger v. Apfel*, 214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the undersigned finds that Plaintiff has failed to prosecute his case and continues to not participate in the prosecution of his case. Plaintiff has failed to participate in discovery by failing to appear at his scheduled deposition. Further, Plaintiff was given two opportunities to appear before this court, the last with a warning that his failure to appear would warrant in a dismissal of his case for failure to prosecute, and still Plaintiff has failed to make an appearance in Court. The last filing by Plaintiff in this case occurred in December 2012. Plaintiff has not filed any documents with the Court since that time nor has he communicated with Defendants.

The Court also notes that Plaintiff has failed to keep the Court appraised of his current whereabouts. Although Plaintiff provided two updates on his address after his release from Robinson Correctional Center, it is apparent to the undersigned, after having the Court's latest notice to Plaintiff returned as undeliverable, that Plaintiff has once again moved. The envelope that was returned to the Court indicates that there is no forwarding address which to send the notice.

Thus, the undersigned finds that Plaintiff's current whereabouts are unknown, he has failed to appear at hearings or participate in discovery, and he has not participated in the litigation of his case since December 2012. It is apparent to the undersigned that Plaintiff no longer wishes to prosecute his case as he has failed to properly prosecute his claims or provide the Court with his updated address. Further, his failure to participate is prejudicial to Defendant as he was unable to complete the deposition of Plaintiff prior to the close of discovery which will make filing an adequate dispositive motion troublesome. The dispositive motion deadline in this case is December 2, 2013. Because of Plaintiff's failures, the undersigned **RECOMMENDS** that Defendant's oral motion to dismiss (Doc. 29) be **GRANTED** and Plaintiff's Complaint be **DISMISSED with prejudice** for

failure to prosecute. In light of the recommendation to dismiss Plaintiff's case, the Court **FINDS AS MOOT** Defendant's motion for sanctions (Doc. 25).

### IV.     Conclusion and Recommendation

Accordingly, the undersigned **RECOMMENDS** that the Court **GRANT** Defendant's oral motion to dismiss (Doc. 29) and **FIND AS MOOT** his motion for sanctions (Doc. 25). Plaintiff's Complaint should be **DISMISSED with prejudice** for want of prosecution.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, **380 F.3d 279, 284 (7th Cir. 2004).** Accordingly, Objections to this Report and Recommendation must be filed on or before **December 5, 2013**.

**IT IS SO ORDERED**.
DATED: November 15, 2013

> */s/ Stephen C. Williams*
> STEPHEN C. WILLIAMS
> United States Magistrate Judge