IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE WILLIAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-CV- 0860-MJR-SCW |
| DAVID RAINS, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

REAGAN, District Judge:

This matter is before the Court on the Report and Recommendation of United States magistrate Judge Stephen C. Williams (Doc. 32), recommending that Defendant's oral motion to dismiss for lack of prosecution (Doc. 29) be granted and the case dismissed, and find as moot Defendant's motion for sanctions (Doc. 25).

On September 23, 2011, Plaintiff filed his *pro se* Complaint while incarcerated at the Robinson Correctional Center. Plaintiff's claim of deliberate indifference to a serious medical need against Defendant Raines survived threshold review (Doc. 11). Plaintiff was released from prison and moved to Chicago, Illinois (Doc. 15). On September 28, 2012, Plaintiff informed the Court of his new Chicago address (Doc. 15).

On October 24, 2012, Plaintiff informed the Court that his address had again changed and he was now living in Kansas City, Kansas (Doc. 18). There have been no further notices as to Plaintiff's whereabouts.

On October 8, 2013, Defendant Rains filed a Motion for Sanctions (Doc. 25), indicating that he had served Plaintiff on September 9, 2013 with a notice of deposition and Plaintiff failed to appear. On October 21, 2013, Magistrate Judge Stephen Williams set a hearing on Defendant's Motion for Sanctions (Doc. 25) to take place November 1, 2013 at 3:00 p.m. The Court sent notice of this hearing to Plaintiff at his last known address, which is 5380 Dodson, Kansas City, Kansas 66106 (Doc. 18). Plaintiff presumably received the notice as it was not returned to the Court. Plaintiff did not appear at the hearing. At that time, Defendants made an oral Motion to Dismiss for Lack of Prosecution under FED. R. CIV. P. 41(b) (Doc. 29).

Magistrate Judge Williams then scheduled a Show Cause hearing for November 15, 2013 and directed that Plaintiff either appear at the hearing and show cause as to why his case should not be dismissed for failure to prosecute or face dismissal of his case (Doc. 28). Again, notice of the scheduled hearing was sent to Plaintiff. This notice, however, was returned as undeliverable on November 14, 2013 (Doc. 30). The envelope indicated that the notice was undeliverable as addressed and that it was unable to be forwarded (*Id.*). On November 15, 2013, Magistrate Judge Williams held the scheduled show cause hearing and Plaintiff once again failed to appear.

Magistrate Judge Williams' Report recommends granting Defendants' oral

motion (Doc. 29) because Plaintiff has failed to participate in discovery and failed to appear before this Court on two occasions. The last notice included a warning that his failure to appear would warrant a dismissal of his case for failure to prosecute. Judge Williams further noted that although Plaintiff provided two updates on his address after his release from Robinson Correctional Center, it is apparent that he has once again moved. The envelope that was returned to the Court indicates that there is no forwarding address which to send the notice.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate

Judge Williams. The record indicates that Plaintiff has not participated in the litigation of his case since December 2012, and thus the undersigned District Judge agrees that a dismissal with prejudice is warranted. Further, the undersigned District Judge agrees with Magistrate Judge Williams' assessment that it is apparent that Plaintiff no longer wishes to prosecute his case. Further, his failure to participate is prejudicial to Defendant as Defendant was unable to complete the deposition of Plaintiff prior to the close of discovery which will make filing an adequate dispositive motion troublesome.

Accordingly, the Court **ADOPTS** Magistrate Judge Williams' Report and Recommendation and **GRANTS** Defendants' oral motion for dismissal pursuant to Rule 41 (Doc. 29). The case is **DISMISSED with prejudice** and the pending motion for sanctions (Doc. 25) is **DENIED as moot**.

IT IS SO ORDERED.

DATED: December 17, 2013

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge